Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

JORGE H ZEVALLOS SANCHEZ, ANTHONY JOSUE QUINTO BARCOS, and CHARLES WILSON DAVID MARTINEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

ENCINAS ELECTRIC AND MAINTENANCE LLC, and MANUEL G ENCINAS, as an individual,

Defendants.

-----------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

1. Plaintiffs, **JORGE H ZEVALLOS SANCHEZ, ANTHONY JOSUE QUINTO BARCOS, and CHARLES WILSON DAVID MARTINEZ**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiffs, **JORGE H ZEVALLOS SANCHEZ, ANTHONY JOSUE QUINTO BARCOS, and CHARLES WILSON DAVID MARTINEZ,** through undersigned counsel, bring this action against **ENCINAS ELECTRIC AND MAINTENANCE LLC, and MANUEL G ENCINAS, as an individual** (collectively, the "Defendants"), to recover damages for egregious, willful violations of state and federal wage and hour laws arising out of Plaintiffs' employment at **ENCINAS ELECTRIC AND MAINTENANCE LLC** located at 605 Elm Street, FL3 Kearny, New Jersey 07032.

3. As a result of the Defendants' violations under the Fair Labor Standards Act ("FLSA"), New Jersey Wage and Hour Law ("NJWHL"), and New Jersey Wage Payment Law ("NJWPL") delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiffs*

8. Plaintiff JORGE H ZEVALLOS SANCHEZ residing at Harrison, New Jersey was employed by ENCINAS ELECTRIC AND MAINTENANCE LLC from in or around May 2024 until in or around August 2024.

9. Plaintiff ANTHONY JOSUE QUINTO BARCOS residing at Far Rockaway, New York was employed by ENCINAS ELECTRIC AND MAINTENANCE LLC from in or around May 2024 until in or around August 2024.

10. Plaintiff CHARLES WILSON DAVID MARTINEZ residing at Newark, New Jersey was employed by ENCINAS ELECTRIC AND MAINTENANCE LLC from in or around May 2024 until in or around August 2024.

.

***Corporate Defendant***

**ENCINAS ELECTRIC AND MAINTENANCE LLC**

11. Defendant ENCINAS ELECTRIC AND MAINTENANCE LLC is a New Jersey limited liability company, organized under and existing by virtue of the laws of the State of New Jersey with a principal executive office located at 605 Elm Street, FL3 Kearny, New Jersey 07032.

12. Upon information and belief, Defendant ENCINAS ELECTRIC AND MAINTENANCE LLC is duly authorized to conduct business in the state of New Jersey.

13. At all relevant times hereto, Defendant ENCINAS ELECTRIC AND MAINTENANCE LLC, through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees, including Plaintiffs in the performance of their duties, which among others include scheduling of work, payment of wages, hiring and termination of its employees.

14. At all relevant times hereto, Plaintiffs' paychecks bear the name of ENCINAS ELECTRIC AND MAINTENANCE LLC.

15. During all relevant times herein, Defendant ENCINAS ELECTRIC AND MAINTENANCE LLC, was Plaintiffs' employer within the meaning of the FLSA.

16. During all relevant times herein, Defendant ENCINAS ELECTRIC AND MAINTENANCE LLC, was Plaintiffs' employer within the meaning of the NJWHL and NJWPL.

17. On information and belief, ENCINAS ELECTRIC AND MAINTENANCE LLC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

***Individual Defendant***

**MANUEL G ENCINAS**

18. At all relevant times hereto, Defendant MANUEL G ENCINAS owns and operates ENCINAS ELECTRIC AND MAINTENANCE LLC.

19. Upon information and belief, Defendant MANUEL G ENCINAS is the registered agent of Defendant ENCINAS ELECTRIC AND MAINTENANCE LLC.

20. At all relevant times hereto, Defendant MANUEL G ENCINAS has power over the personnel decisions of Defendant ENCINAS ELECTRIC AND MAINTENANCE LLC.

21. At all relevant times hereto, Defendant MANUEL G ENCINAS has power over all payroll decisions at Defendant ENCINAS ELECTRIC AND MAINTENANCE LLC, and distributed pay to its employees, including the Plaintiffs.

22. At all relevant times hereto, Defendant MANUEL G ENCINAS has the power to hire and fire employees at Defendant ENCINAS ELECTRIC AND MAINTENANCE LLC, establish and pay their wages, set their work schedule, and maintains their employment records, including Plaintiffs.

23. At all relevant times hereto, Defendant MANUEL G ENCINAS was Plaintiffs' employer within the meaning of the FLSA.

24. At all relevant times hereto, Defendant MANUEL G ENCINAS was Plaintiffs' employer within the meaning of the NJWHL and NJWPL.

**FACTUAL ALLEGATIONS**

**JORGE H ZEVALLOS SANCHEZ**

25. Plaintiff JORGE H ZEVALLOS SANCHEZ was employed by the Defendants as an electrician at ENCINAS ELECTRIC AND MAINTENANCE LLC from in or around May 2024 until in or around August 2024.

26. Plaintiff regularly worked approximately seven (7) days per week from in or around May 2024 until in or around August 2024.

27. Plaintiff regularly worked a schedule of approximately nine (9) hours per day for five (5) days per week, and approximately eleven (11) hours per day for two (2) days per week, from in or around May 2024 until in or around August 2024.

28. Thus, Plaintiff was regularly required to work approximately sixty-seven (67) hours per week from in or around May 2024 until in or around August 2024.

29. Plaintiff was paid by the Defendants a flat daily rate of approximately $125.00 per day from in or around May 2024 until in or around August 2024.

30. Although Plaintiff worked approximately sixty-seven (67) hours per week from in or around May 2024 until in or around August 2024, Defendants did not pay Plaintiff time-and-a-half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA, NJWHL and NJWPL.

31. Moreover, Defendants failed to pay Plaintiff the legally prescribed minimum wage for all his hours worked from in or around May 2024 until in or around August 2024, a blatant violation of the minimum wage provisions contained in the NJWHL.

32. Additionally, Plaintiff was not compensated at all by Defendants for one (1) week of his employment.

33. As such, Defendants willfully and knowingly failed to compensate Plaintiff for his overtime work performed each week in addition to willfully and knowingly failing to compensate Plaintiff for his last week of employment.

34. Defendants willfully failed to post notices of the applicable wage requirements in a conspicuous place at the location of their employment as required by the FLSA, NJWHL and NJWPL.

35. Defendants willfully failed to keep contemporaneous payroll records as required by the FLSA, NJWHL and NJWPL.

36. Defendants willfully failed to maintain accurate employee payroll and wage records as required by the FLSA, NJWHL and NJWPL.

37. As a result of these various violations of Federal and State wage and hour laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all his legal and equitable remedies available as this Court deems appropriate.

**ANTHONY JOSUE QUINTO BARCOS**

38. Plaintiff ANTHONY JOSUE QUINTO BARCOS was employed by the Defendants as an electrician at ENCINAS ELECTRIC AND MAINTENANCE LLC from in or around May 2024 until in or around August 2024.

39. Plaintiff regularly worked approximately six (6) days per week from in or around May 2024 until in or around August 2024.

40. Plaintiff regularly worked a schedule of approximately eight (8) hours per day from in or around May 2024 until in or around June 2024, and approximately nine (9) hours per day from in or around July 2024 until in or around August 2024.

41. Thus, Plaintiff was regularly required to work approximately forty-eight (48) hours per week from in or around May 2024 until in or around June 2024, and approximately fifty-four (54) hours per week from in or around July 2024 until in or around August 2024.

42. Plaintiff was paid by the Defendants a flat daily rate for all hours worked of approximately $110.00 per day in or around May 2024, a flat daily rate for all hours worked of approximately $120.00 per day in or around June 2024, and a flat daily rate for all hours worked of approximately $125.00 per day from in or around July 2024 until in or around August 2024.

43. Although Plaintiff worked approximately forty-eight (48) hours per week from in or around May 2024 until in or around June 2024, and approximately fifty-four (54) hours per week from in or around July 2024 until in or around August 2024, Defendants did not pay Plaintiff time-and-a-half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA, NJWHL and NJWPL.

44. Moreover, Defendants failed to pay Plaintiff the legally prescribed minimum wage for all his hours worked from in or around May 2024 until in or around August 2024, a blatant violation of the minimum wage provisions contained in the NJWHL.

45. Additionally, Plaintiff was not compensated at all by Defendants for one (1) week and one (1) day of his employment.

46. As such, Defendants willfully and knowingly failed to compensate Plaintiff for his overtime work performed each week in addition to willfully and knowingly failing to compensate Plaintiff for his last week and one day of employment.

47. Defendants willfully failed to post notices of the applicable wage requirements in a conspicuous place at the location of their employment as required by the FLSA, NJWHL and NJWPL.

48. Defendants willfully failed to keep contemporaneous payroll records as required by the FLSA, NJWHL and NJWPL.

49. Defendants willfully failed to maintain accurate employee payroll and wage records as required by the FLSA, NJWHL and NJWPL.

50. As a result of these various violations of Federal and State wage and hour laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all his legal and equitable remedies available as this Court deems appropriate.

## CHARLES WILSON DAVID MARTINEZ

51. Plaintiff CHARLES WILSON DAVID MARTINEZ was employed by the Defendants as an electrician at ENCINAS ELECTRIC AND MAINTENANCE LLC from in or around April 2024 until in or around August 2024.

52. Plaintiff regularly worked approximately seven (7) days per week from in or around April 2024 until in or around August 2024.

53. Plaintiff regularly worked a schedule of approximately nine (9) hours per day from in or around April 2024 until in or around August 2024.

54. Thus, Plaintiff was regularly required to work approximately sixty-three (63) hours per week from in or around April 2024 until in or around August 2024.

55. Plaintiff was paid by the Defendants a flat daily rate of approximately $125.00 per day from in or around April 2024 until in or around August 2024.

56. Although Plaintiff worked approximately sixty-three (63) hours per week from in or around April 2024 until in or around August 2024, Defendants did not pay Plaintiff time-and-a-half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA, NJWHL and NJWPL.

57. Moreover, Defendants failed to pay Plaintiff the legally prescribed minimum wage for all his hours worked from in or around April 2024 until in or around August 2024, a blatant violation of the minimum wage provisions contained in the NJWHL.

58. Additionally, Plaintiff was not compensated at all by Defendants for one (1) week of his employment.

59. As such, Defendants willfully and knowingly failed to compensate Plaintiff for his overtime work performed each week in addition to willfully and knowingly failing to compensate Plaintiff for his last week of employment.

60. Defendants willfully failed to post notices of the applicable wage requirements in a conspicuous place at the location of their employment as required by the FLSA, NJWHL and NJWPL.

61. Defendants willfully failed to keep contemporaneous payroll records as required by the FLSA, NJWHL and NJWPL.

62. Defendants willfully failed to maintain accurate employee payroll and wage records as required by the FLSA, NJWHL and NJWPL.

63. As a result of these various violations of Federal and State wage and hour laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all his legal and equitable remedies available as this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

64. Plaintiffs bring this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

65. Collective Class: All persons who are or have been employed by the Defendants as electricians or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

66. Upon information and belief, Defendants employed approximately 15 or more employees within the relevant time period who were subjected to similar payment structures.

67. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

68. Defendants' unlawful conduct has been widespread, repeated, and consistent.

69. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

70. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

71. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

72. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

73. The claims of Plaintiff are typical of the claims of the putative class.

74. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

75. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

76. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

77. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

78. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

79. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

80. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one-and-a-half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

81. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

82. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## <u>SECOND CAUSE OF ACTION</u>

### Overtime Wages Under New Jersey Wage and Hour Law

83. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

84. NJWHL § 34:11-56a *et seq.* requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

85. As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NJWHL.

86. Also as described above, Plaintiff and any FLSA Plaintiffs who opts-in to this action, worked in excess of forty hours each week, yet the Defendants failed to compensate them in accordance and compliance with the NJWHL's overtime provisions.

87. Plaintiffs, and any FLSA Plaintiff, who opts-in to this action, is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.

88. Plaintiffs, and any FLSA Plaintiff who opts-in to this action, is also entitled to liquidated damages, interest, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the NJWHL's overtime provisions.

## THIRD CAUSE OF ACTION
## Minimum Wages Under The NJWHL

89. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

90. At all times relevant to this action, Defendants were employers within the meaning of the NJWHL, and Plaintiffs were employees within the meaning of the NJWHL.

91. Pursuant to N.J.S.A. 34:11-56a4(a), Defendants were required to compensate Plaintiffs at a rate not less than the applicable minimum wage.

92. Defendants failed to pay Plaintiffs the applicable minimum wage as required by N.J.S.A. 34:11-56a4(a).

93. Defendants' violations of the NJWHL, as described in this Complaint, were willful and intentional.

94. Due to Defendants' violations of the NJWHL, Plaintiffs are entitled to recover from Defendants the full amount of unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs, and such other relief available pursuant to the NJWHL.

## FOURTH CAUSE OF ACTION
## Unpaid Wages Under The Fair Labor Standards Act

95. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

96. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

97. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

98. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FIFTH CAUSE OF ACTION

### Unpaid Wages Under New Jersey Wage Payment Law

99. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

100. NJWPL § 34:11-4.2 *et seq.* requires employers to pay the full amount of wages due to employees at least twice during each calendar month, on regular pay days that are designated in advance by the employer.

101. As described above, Defendants are employers within the meaning of the NJWPL, while Plaintiffs and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NJWPL.

102. Also as described above, Plaintiffs and any FLSA Plaintiff who opts-in to this action, were not paid the full amount of wages due to them each pay period by Defendants.

103. Plaintiffs, and any FLSA Plaintiff, who opts-in to this action, is entitled to full payment for all wages due to them that were not paid.

104. Plaintiffs, and any FLSA Plaintiff who opts-in to this action, is also entitled to liquidated damages, interest, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the NJWPL's wage payment provisions.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the NJWHL, and the NJWPL, and their regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs' unpaid minimum wages;

d. Awarding Plaintiffs' unpaid wages;

e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216, NJWHL, and NJWPL;

f. Awarding Plaintiffs prejudgment and post-judgment interest;

g. Awarding Plaintiffs, the costs of this action together with reasonable attorneys' fees; and

h. Awarding such and further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand trial by jury on all questions of fact raised by the complaint.

Dated: October 7, 2026
Kew Gardens, New York

Roman Avshalumov

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JORGE H ZEVALLOS SANCHEZ, ANTHONY JOSUE QUINTO BARCOS, and CHARLES WILSON DAVID MARTINEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

ENCINAS ELECTRIC AND MAINTENANCE LLC, and MANUEL G ENCINAS, as an individual,

Defendants.

---

**COLLECTIVE ACTION COMPLAINT**

---

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**

*via Secretary of State and Personal Service:*
**ENCINAS ELECTRIC AND MAINTENANCE LLC (NJ Entity ID 0450414655)**
605 Elm Street, FL3 Kearny, NJ 07032

**MANUEL G ENCINAS**
605 Elm Street, Apt 1L, Kearny, NJ 07032

605 Elm St # 3, Kearny, NJ 07032